### COSDEN v. BOARD OF EDUCATION OF CITY OF TULSA.

No. 8401—Opinion Filed September 12, 1916.
(159 Pac. 1108.)

#### Schools and School Districts—Public Schools —Board of Education—Powers of.

By virtue of section 3, art. 6, of chapter 219 of the Session Laws of 1913, the board of education of cities of the first class in this state possess the power and authority to sell and convey real estate, and said board may exercise this power without the necessity of making any finding of the reason or necessity which induces the exercise of its discretion.

(Syllabus by Hooker, C.)

Error from District Court, Tulsa County; Conn Linn, Judge.

Action between the Board of Education of the City of Tulsa and J. S. Cosden. There was a judgment for the former, and the latter brings error. Affirmed.

E. R. Perry, J. W. Woodford, and Poe, Hindman & Lundy, for plaintiff in error.

Rice & Lyons, for defendant in error.

Opinion by HOOKER, C. From the agreed statement of facts upon which this case was tried in the lower court it appears: That the board of education of the city of Tulsa sold the real estate involved here to one J. S. Cosden on May 6, 1916, he being the highest bidder, for the sum of $50,000, and that the said board at a meeting called for that purpose authorized the conveyance of said real estate to the purchaser, and thereafter tendered to him a warranty deed therefor. The said sale was made pursuant to a notice published for five days next before the day of sale in a daily paper. That the purchaser of said property paid a part of the purchase

price and refused to pay the rest, fearing that the board of education of said city did not possess the authority to sell and convey said real estate to him, and in order to determine the right and authority of the board to sell and convey said real estate, this case is presented to this court.

The general law is that the right to sell, lease, or otherwise dispose of public school land depends upon express constitutional or statutory provisions, and deeds and other conveyances of such land must be construed and determined with reference to the statutory provisions on the subject. In order, therefore, to determine the power of the board of education of the city of Tulsa with reference to the sale of its real estate, we must examine the Constitution of the state and the acts of the Legislature subsequent thereto to find, if we can, any grant of power conferred upon the board by either the Constitution or the Legislature, or if there is any limitation upon the right of the board of education to deal with its property of this character as its judgment deems proper and wise.

By reference to the Session Laws of 1913, we find that the Legislature attempted to enact a general school law applicable to all the schools of the state which was intended to, and which did, supersede and repeal all conflicting laws.

By reference to article 6 of chapter 219 of the Session Laws of 1913, we find that:

"1. Each city of the first class * * * shall constitute an independent district and be governed by the provisions of this article. * * *

"3. The public schools of each city or town organized in pursuance of this article shall be a body corporate, and shall possess the usual power of corporations for public purposes, by the name and style of the board of education of the city or town of ———— of the state of Oklahoma, and in that name may sue or be sued, and be capable of contracting or being contracted with, of holding and conveying such personal and real estate as it may come into possession of, by will or otherwise, or as is authorized to be purchased by the provisions of this article.

"4. Any city of the first class or town is hereby authorized and required, upon the request of the board of education of such city or town to convey to such board of education all property within the limits of any such city heretofore purchased by any such city for school purposes and now held and used for such purposes, the title to which is vested in any such city or town."

The further provisions of this act it is useless to give here, further than to say that

the purpose of the article 6, aforesaid, seems to indicate an intention upon the part of the Legislature to create in each city an independent district and to make the board of education of each city of the first class independent of the governing body of the city.

The length of term for which members of the board of education hold office and the general powers conferred upon them by the act aforesaid indicate that the Legislature deemed that the public welfare could be better subserved and the interests of the public schools of the state more efficiently advanced by granting to boards of education of cities of the first class powers and rights which were denied the governing bodies of the other school districts referred to in the act.

By reference to the provisions of the act conferring upon the board of education the authority "of holding and conveying such personal and real estate" we find no limitation nor any word of expression calculated to abridge the general right of conveying the property as the judgment of the board might dictate. Had it been the intention of the Legislature to make this right dependent upon a condition, it would have been so expressed in the act. It can well be said that the Legislature recognized that many reasons might justify the board of education of cities of the first class in moving the school from one location to another in order that more ground might be provided for accommodation and pleasure of the school children with the least expense to the public, and, realizing also that school buildings should be accessible to the pupils, the Legislature evidently intended to provide a general law that would apply to all cases of this character, and therefore it conferred the authority to convey real estate upon the board of education in cities of the first class without any limitation or restraint. This view is strengthened by the limitations imposed in the act of 1913 upon the governing body of common school and consolidated districts.

We are of the opinion that this statute, and this statute alone, is sufficient authority to authorize the board of education of the city of Tulsa to convey this real estate to the plaintiff in error independently of any limitation, nor was it necessary for the board to make any finding of the reason or necessity which induced the exercise of its discretion to confer upon it the authority to convey the same.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.